Wood, J.
This case is by no means new to one member of this court, who was present, and pronounced the decree now sought to be reversed.
I supposed, at that time, it was consistent with the weight of .authority, although its result was the most palpable individual in *415 justice. It remains to be seen whether the opinion then entertained is the law of the case.
The allegations of the bill were, that, by the contract the complainant made with the intestate, he was entitled to a deed, with covenants of warranty, for the lands; that the administrator of the intestate, by virtue of the power conferred upon him by the court of common pleas, undertook to make such a conveyance; but, by mistake, omitted to insert a clause of warranty, and represented to the complainant that the deed was in pursuance of the order of the court of common pleas; and the complainant being ignorant of the effect of the words used, accepted the deed, supposing, if evicted, he had a complete remedy upon it, over against the heirs. These averments, in the bill, are admitted by the demurrer ; and does the case present grounds for .relief in equity? If there was a palpable mistake of fact in the omission of a clause of warranty, which both the complainant and administrator designed to insert, and supposed was inserted, the case would be within one of the *most familiar heads of equity jurisdiction. But it is not so. The parties both knew the terms, and all the terms, used in the conveyance ; both supposed it was in conformity with the authority conferred upon the administrator in pursuance of the agreement, and, in case of an eviction, gave the complainant a right of action upon it against the heirs at law to the extent of the injury, so far as they came into the possession of the assets of the estate.
There was, then, a clear mistake — an error of opinion — as to the legal operation and effect of the words used; and this mistake, it must be admitted, is as fatal to the complainant, and inflicts upon him as essential and unjust an injury as though the parties had believed an actual clause of warranty, in proper form, was inserted in the deed. He has paid his money for his land; he has been evicied by title paramount; and ordinary justice requires he should be remunerated from the property of the intestate. It can not be denied, however, that the mistake in this case is a mistake of law, and if the complainant has a remedy in equity, it must be on the broad principle that, in this peculiar class of cases, such mistakes are relievable. The analogy is strong between the circumstances of this case and that of Hunt v. Rousmanier’s Adm’r, in 8 Wheat. 174, to which we had occasion to refer in the case of McNaughten et al. v. Partridge et al., at the *416 present term, ante, page 223. The rule is, in that case, distinctly and unequivocally asserted that where an instrument fails to carry out the intention of the parties, by reason of a mistake in the effect of the terms employed by the draftsman, there equity will relieve; and the chief justice, in giving the opinion of the Supreme Court of the United States, reviews all the authorities, and lays down the rule that, under such circumstances, a sheer mistake of law is roliovable. The same case was again before the same court, and is reported in 1 Pet. 14; and the same doctrine, in this class of cases, is again maintained. In the case of Champlin v. Laytin, 1 Edw. 467, cited in Hill. Abr. 146, the superior court of the city of New York uses this language: “A contract entered into, under a mutual misconception of legal ^rights, amounting to a, mistake of law in the contracting parties, by which the object of it can not be accomplished, is as liable to be set aside or rescinded as a contract founded in mistake of matters of fact.” In the case of Drew v. Clarke, Cooke, 374, 380, it is said : “ Where a contract is executed under a mistake, in point of law, which mistake is produced by the representations of one of the parties, the other may be relieved, as well as if the mistake was as to matter of fact.” 1 Hill Abr. 146. In 2 Bibb, 449, it is said, however, that “ the facts being understood, erroneous deductions of law afford no ground for relief.” Ib. 168. The same doctrine is maintained in 1 Johns. Ch. 516; 2 Ib. 51, and 6 Rand. 594. But where different rules of action are laid down, by different respectable tribunals, we' ought to adhere to those which are, in our view, most consonant to the general analogies of the law, most conformable to reason, and agreeable to the ends of justice. In our view these require, in the class of cases now before us, that the presumption that every man knows the law-the principle on which some of the cases are founded-should be permitted to be rebutted by proof, and relief granted against a mistake of law.
But it is said, in this case, the only relief which can be afforded would be the correction of the instrument, to conform to the intention of the parties; in other words, the correction of the deed by the insertion of a clause of warranty. This, if it might be effected, would produce more extended and expensive litigation, and the remedy would not, therefore, be as complete and adequate. We have now all the parties before us ; can settle all their rights; prevent further litigation, and do complete justice.
*417 It is urged, also, that if the deed was not executed and delivered in pursuance of the contract, the contract is not merged by the delivery of the deed, and the remedy is upon it, against the administrator, to recover back the consideration for the land. It may, however, be answered that in such an action, if the administrator, as such, be in esse, the complainant could not recover the expenses of the ejectment, and the remedy *would be incomplete; and that, at law, the deed being delivered, although not executed according to the agreement, the defendant would show its acceptance and bar a recovery; for, at law, the deed being accepted, the complainant could not avail himself of any correction of the mistake, and at law the delivery and acceptance of the deed would, ipso facto, be a merger of the agreement.
On the whole,' a majority of the court have come to the conclusion that the Supreme Court did err in sustaining the demurrer, and in dismissing the complainant’s bill, and that the decree of the Supreme Court should be reversed.
Judgment reversed.